# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

AGNES SARAH POTTER, f/k/a AGNES SARAH CUMMINGS,

Debtor.

Case No. A08-00815-DMD
Chapter 7

**Filed On 5/27/09**

## MEMORANDUM ON LATE FILED REAFFIRMATION AGREEMENT

This chapter 7 debtor's discharge was entered on March 27, 2009, and her case was closed on April 16, 2009. After discharge had been entered, but before the case was closed, the debtor entered into a reaffirmation agreement with Credit Union 1 regarding a vehicle loan. The agreement was filed with this court on April 29, 2009, 13 days after the case was closed.

A reaffirmation agreement is binding only if it is made in compliance with the reaffirmation provisions found in 11 U.S.C. § 524(c) and (d).[1] A reaffirmation agreement which doesn't comply with § 524 is void and unenforceable.[2] Section 524(c)(1) provides that a reaffirmation agreement is enforceable only if "such agreement was made before the granting of the discharge under section 727, 1141, 1228 or 1328" of the Bankruptcy Code.[3] The debtor's reaffirmation agreement with Credit Union 1 doesn't satisfy this requirement.

---

[1] *Republic Bank of Ca. v. Getzoff (In re Getzoff)*, 180 B.R. 572, 574 (B.A.P. 9th Cir. 1995) [discussing § 524 prior to its amendment under BAPCPA].

[2] *Id.*, *see also Renwick v. Bennett (In re Bennett)*, 298 F.3d 1059, 1067 (9th Cir. 2002) (the court found that a post-discharge settlement in which the debtors agreed to repay a loan discharged in bankruptcy was an "attempted reaffirmation," not in compliance with § 524, and thus unenforceable).

[3] 11 U.S.C. § 524(c)(1).

It was executed by the debtor almost two weeks after discharge was entered, on April 10, 2009. A representative of Credit Union 1 also signed the agreement, without indicating the date of her signature. Clearly, the agreement cannot be considered "made" until both parties have signed it. Here, at least one of the two parties to the agreement signed it post-discharge.

In the past, this court has vacated a discharge on the request of a debtor so that a reaffirmation agreement can be considered timely filed. Upon reexamination, I have concluded that this procedure violates § 524 and is inappropriate, particularly after the enactment of BAPCPA.[4] Other courts have reached the same conclusion.[5] A reaffirmation agreement must be entered prior to discharge to satisfy the statutory requirements of § 524(c).

---

[4] The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 Pub. L. No. 109-8, 119 Stat. 23 (April 20, 2005). The majority of BAPCPA's provisions, including several amendments to the reaffirmation procedure, became effective on October 17, 2005. Some of the more significant changes related to reaffirmation include: an individual debtor's statement of intent must include all debts secured by property of the estate, not just secured "consumer debts" [§ 521(a)(2)]; the debtor must perform his intention within 30 days of the first § 341 meeting rather than 45 days from the date the statement of intent is filed [§ 521(a)(2)(B)]; a debtor cannot retain personal property secured by "an allowed claim for the purchase price secured in whole or in part by an interest in such personal property" unless the debtor reaffirms the debt or redeems the property [§ 521(a)(6)]; if a debtor fails to timely file a reaffirmation agreement or perform his stated intention as to personal property secured by "a claim," the stay is terminated and the personal property is abandoned [§ 362(h)]; a reaffirmation agreement must include extensive disclosures which are set out in full in § 524(k); the court must hold a pre-discharge hearing to consider agreements in which the "presumption of undue hardship" arises, even if the debtor's attorney has signed off on the agreement, unless the creditor is a credit union [§ 524(m)]. A more detailed discussion of the post-BAPCPA changes to the reaffirmation procedure can be found in *Dumont v. Ford Motor Credit (In re Dumont)*, 383 B.R. 481 (B.A.P. 9th Cir. 2008) and *In re Steinhaus*, 349 B.R. 694 (Bankr. D. Idaho 2006).

[5] *See, e.g.,In re Golladay*, 391 B.R. 417, 421-22 (Bankr. C.D. Ill. 2008) (the timing requirement of § 524(c)(1) is imposed by statute and cannot be waived or extended after discharge occurs); *In re Engles*, 384 B.R. 593 (Bankr. N.D. Okla. 2008); *In re Wilhelm*, 369 B.R. 882 (Bankr. M.D.N.C. 2007); *In re Herrera*, 380 B.R. 446 (Bankr. W.D.Tx. 2007); *In re Stewart*, 355 B.R. 636 (Bankr. N.D.Ohio 2006); *Fain v. Webb (In re Webb)*, 349 B.R. 711 (Bankr. D.Or. 2006); *Rigal v. Fleet Mortgage Corp. (In re Rigal)*, 254 B.R. 145 (Bankr. S.D.Tx. 2000); *In re Collins*, 243 B.R. 217, 219 (Bankr. D.Conn. 2000).

Because the reaffirmation agreement with Credit Union 1 doesn't comply with the requirements of § 524(c), it is not binding upon the debtor. It is void and unenforceable. In such a situation, what are the rights of the parties? First, the vehicle loan has been discharged and is no longer a personal obligation of the debtor's.[6] Additionally, the debtor's failure to timely enter the reaffirmation agreement doesn't entitle Credit Union 1 to immediate surrender or automatic repossession of the vehicle.[7] But Credit Union 1 retains a security interest in its collateral and may enforce its security interest, under applicable state law, if the debtor is in default on the loan.[8] The debtor's bankruptcy no longer impedes enforcement of Credit Union 1's security interest, because this case is now closed and the automatic stay is no longer in effect. Finally, while the Bankruptcy Code, in limited situations, no longer precludes a creditor's application of an *ipso facto* clause in a loan document,[9] the issue of whether such a clause can be enforced under Alaska law in a situation such as this must be determined by the state court.[10]

---

[6] 11 U.S.C. § 524(a)(2).

[7] *Steinhaus*, 349 B.R. 707-709; *In re Visnicky*, 401 B.R. 61, 65 (Bankr. D.R.I. 2009) (debtor's delay in filing reaffirmation agreement terminated automatic stay, but this didn't automatically entitle creditor to repossess vehicle).

[8] *Dumont*, 383 B.R. 489 (creditor's right to repossess remains subject to state law limitations); *Visnicky*, 401 B.R. 65 (unless there is a default under state law, a creditor isn't entitled to repossession even if the debtor didn't reaffirm in a timely manner); *Herrera*, 380 B.R. 454 n.12; *Steinhaus*, 349 B.R. 707-09.

[9] 11 U.S.C. § 521(d). This subsection only applies if a debtor fails to timely reaffirm a debt or redeem property secured by a claim and the interested creditor's security interest is not avoidable under § 522(f) or the trustee's strongarm powers.

[10] *Dumont*, 383 B.R. 489-90.

The debtor's reaffirmation agreement with Credit Union 1 is void due to lack of compliance with the statutory requirements of § 524(c)(1), and is unenforceable. The debtor's debt to Credit Union 1 has been discharged. However, the debtor must continue to fulfill her obligations under the vehicle loan if she wishes to retain the vehicle. If a contractual default has occurred or occurs in the future, Credit Union 1 may enforce its security interest in the vehicle in accordance with applicable state law, but no deficiency judgment against the debtor may be issued.

An order will be entered accordingly.

DATED: May 27, 2009

                                          BY THE COURT

                                          /s/ Donald MacDonald IV
                                          DONALD MacDONALD IV
                                          United States Bankruptcy Judge

Serve:  C. Johansen, Esq.
       Debtor
       Credit Union 1, Attn: Deborah Casey, 1941 Abbott Rd., Anchorage, AK  99507
       L. Compton, Trustee
       U. S. Trustee

       05/27/09